No. 3827—J. WENTZ, Administrator, *v.* H. J. LEDOUX et als.

*A sheriff who has been ordered to sell property and retain the proceeds subject to the further order of the court, must account for the proceeds whenever called upon. And the sureties on his official bond, who have subscribed as such before he is called upon to pay, are liable in case of failure of the sheriff to pay over the funds when demanded, although their liabilities as sureties was contracted since the sheriff came in possession of the funds which he was ordered to hold subject to the further order of the court.*

APPEAL from the Seventh Judicial District Court, parish of Pointe Coupee. *Miller*, J. *Farrar & Montgomery*, for plaintiff and appellee. *Edward Phillips*, for defendants and appellants.

HOWELL, J. This is an action against the sureties on a sheriff's official bond, to recover a sum of money which the said sheriff was judicially condemned, in certain proceedings against him as sheriff, to pay to plaintiff.

The sureties seek to escape liability on the ground that the funds in question came into the hands of their principal before the date of the bond signed by them, and that, as he claimed to be entitled thereto, and to retain the same prior to said date, the act complained of was committed before they undertook to insure his official faithfulness, their undertaking being for his future acts.

In March, 1868, he was ordered to sell certain property under seiz-

ure, and to retain the proceeds subject to the order of the court. The bond signed by the defendants is dated twenty-second July, 1868, and it recites that he (L. B. Dayries was elected sheriff of the parish of Pointe Coupee, thus becoming his own successor, and charged with all the duties pertaining to the office. In 1870, legal proceedings were instituted against him as sheriff by the plaintiff, for the funds which he, as sheriff, had been ordered to hold subject to the order of the court, and he was condemned to pay over the sum claimed herein, being the amount of the proceeds of the property sold by him as sheriff, less his official charges. He therefore received these funds in the first place as sheriff, and after giving the bond signed by the defendants, he continued to hold them in the same capacity, and his failure to pay when demanded was a failure of official duty, while said bond was in force, for which his sureties for his official faithfulness are responsible. The fact that he had, during his previous official term, considered himself entitled to the whole of the proceeds of the property for costs, did not change the character in which he was holding them and in which, upon a hearing he was, during the present term, ordered to pay. The act complained of is his refusal to pay when legally called on.

There was no error in not permitting him to testify in this suit that prior to his election in 1868, he considered himself entitled to the whole of the money, as it was not pretended that he was condemned to pay more than he was legally bound to pay. The fact that he had set up such a pretension at that time, is no justification for his refusal to pay what the court subsequently ordered him to pay.

Judgment affirmed.